1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION, et al.,

                    Plaintiffs,

          v.

RED ROBIN GOURMET BURGERS,
INC.,

                    Defendant.

CASE NO. C04-1291JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on Plaintiffs Equal Employment Opportunity Counsel ("EEOC") and Edward Rangel's ("Rangel") motion for a protective order (Dkt. # 33).  Having reviewed all of the pleadings filed in support of and in opposition to the motion, the court GRANTS Plaintiffs' motion for a protective order.

## II.   DISCUSSION

Plaintiffs seek a protective order prohibiting Rangel's employer, Defendant Red Robin Gourmet Burgers, Inc. ("Red Robin") from questioning two witnesses about their alleged sexual relationship with Rangel.  Having read and considered all papers filed in support of and in opposition to this motion, the court GRANTS Plaintiffs' motion for a protective order.

ORDER – 1

1    Although Fed. R. Civ. P. 26 grants parties a broad right of discovery, the court

2    may limit discovery when justice requires protecting a party or person from annoyance,

3    embarrassment, oppression, or undue burden, by issuing a protective order upon motion

4    and for good cause shown.  Fed. R. Civ. P. 26(c).  Non-parties are entitled to special

5    protection from harassment and inconvenience.  Dart Indus. Co., Inc. v. Westwood

6    Chem. Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980).  When imposing a protective order,

7    the court must "identify and discuss the factors it considered in its 'good cause'

8    examination to allow appellate review of the exercise of its discretion."  Foltz v. State

9    Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2002) (citing Phillips v. Gen.

10   Motors, 307 F.3d 1206, 1212 (9th Cir. 2002)).

11

12   Based on the record before the court and case law, the court finds that a protective

13   order is warranted to prevent Red Robin from inquiring into the witnesses' alleged sexual

14   relationship with Rangel.  Discovery into this issue invades the witnesses' privacy and

15   qualifies as "annoying, embarrassing, and oppressive" under Rule 26.  See Lawrence v.

16   Texas, 539 U.S. 558, 567 (2003) (characterizing sexual behavior as the most private

17   human conduct, and holding that adults may choose to enter into sexual relationships in

18   the confines of their private lives and still retain their dignity).  As non-parties to this

19   case, the witnesses are afforded special protection from harassment and inconvenience,

20   particularly where, as here, Red Robin had the opportunity to ask Rangel about his sexual

21   relationship with the witnesses at Rangel's deposition but failed to do so, and when the

22   information sought is largely irrelevant.

23   Red Robin's contention that the inquiry is relevant to show Rangel's alleged lack

24

25   of sincerity in his religious beliefs lacks merit.  Courts addressing plaintiff's sincerity of

26   belief in religious discrimination cases have limited their inquiry to the sincerity of the

27   particular religious belief or practice allegedly not accommodated at work.  See, e.g.,

28

ORDER – 2

Tiano v. Dillard Dept. Stores, 139 F.3d 679 (9th Cir. 1998) (focusing on the conflict between plaintiff's allegedly unaccommodated religious belief at work and her employment duties); EEOC v. Chemsico, 216 F. Supp. 2d 940, 950 (E.D. Mo. 2002) ("A jury could conclude that Ms. Brown held sincere religious beliefs that prevented her from working on Saturdays even in light of the apparent failure to follow all the teachings of the Church of God, International, as referenced by Defendants."); Vetter v. Farmland Indus. Inc., 120 F.3d 749, 752 (8th Cir. 1997) (considering only evidence that tended to show whether plaintiff had a sincere belief that complying with his employer's residence requirement conflicted with his religious belief to live near others of the same religion).

Thus, the court finds that Red Robin is prohibited from inquiring into the witnesses' alleged sexual relationship with Rangel because it is irrelevant to the sincerity of Rangel's belief against covering his Creator's name (the alleged unaccommodated practice).  This protective order, however, will not prohibit Red Robin from questioning the witnesses about the sincerity of Rangel's belief against covering his Creator's name, nor will it prevent Red Robin from questioning the witnesses about their potential biases or prejudices in favor of Rangel.

### III.   CONCLUSION

For the reasons stated above, the court GRANTS Plaintiffs' motion for a protective order (Dkt. # 33).

Dated this 21st day of April, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 3